PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On October 16, 2007, the Juvenile Court Rules Committee (Committee) filed an out-of-cycle report proposing an amendment to Florida Rule of Juvenile Procedure 8.100 (General Provisions for Hearings), applicable to proceedings in juvenile delinquency cases. The Committee recommended that subdivision (e) of this rule be amended to allow a party or a party’s attorney to obtain a transcript of court proceedings without a court order. According to the Committee, this change is necessary because the current rule requiring a court order hinders a timely challenge to a child’s detention through a writ of habeas corpus in the district court of appeal. According to the Committee, often a transcript cannot be obtained quickly enough to be included as an appendix to the petition as required by Florida Rule of Appellate Procedure 9.200(a). The Committee stated that the Delinquency Subcommittee of the Juvenile Court Rules Committee unanimously approved this proposed amendment, and that the full Committee also approved it. The proposed amendment was published for comment by the Committee in the Florida Bar News on November 1, 2007. No comments were received.
Under rule 9.100(g), if a petition for an extraordinary writ seeks an order directed to a lower tribunal, the petition must be accompanied by an appendix as prescribed in rule 9.220 and must contain references to the appropriate pages of the appendix. Rule 9.220(a) states that the purpose of an appendix is to “permit the parties to prepare and transmit copies of those portions of the record deemed necessary to an understanding of the issues presented.” Subdivision (b) of this rule also states that the appendix “shall contain ... a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities.” Under these rules, while it does not appear that a transcript of proceedings is absolutely required in all cases, certainly one would be desirable and appropriate in the *535 circumstances described by the Committee in recommending the proposed amendment. Additionally, the need for timely transcription of the record under those circumstances is apparent.
Accordingly, Florida Rule of Juvenile Procedure 8.100 (General Provisions for Hearings) is hereby amended as shown in the appendix to this opinion. New language is underlined; deleted language is indicated by struck-through type. The amendment shall become effective immediately.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 8.100. GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a)-(d) [no change]
(e) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records shall be preserved for 5 years from the date of the hearing. Official records of testimony shall be transcribedprovided only upon request of a party or a party’s attorney or on a court order-of-the court.
(f) [no change]